(May 24, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CONWAY, Appellant. [839 NYS2d 1]—

Upon remittitur from the Court of Appeals (6 NY3d 869 [2006]) for consideration of the facts, judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered July 3, 2001, convicting defendant, after a nonjury trial, of assault in the third degree, and sentencing him to 150 hours of community service and a $1,000 fine, reversed, on the facts, and the indictment dismissed.

This case was remanded to this Court for "consideration of the facts," that is, whether the verdict is against the weight of the evidence. Under weight of the evidence review "[e]ven if all the elements and necessary findings are supported by some credible evidence, the court must examine the evidence further . . . [and] must . . . weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony . . . . If based on all the credible evidence a different finding would not have been unreasonable and if the trier of fact has failed to give the evidence the weight it should be accorded, the appellate court may set aside the verdict" (*People v Cahill*, 2 NY3d 14, 57-58 [2003] [citations and internal quotation marks omitted]). Performance of weight of the evidence review entails, as a condition of affirming a conviction, an appellate finding that the evidence is of such weight and credibility as to convince the court

that the trier of fact was justified in finding the defendant guilty beyond a reasonable doubt (*id.*, citing *People v Crum*, 272 NY 348, 350 [1936]).

Conway was convicted of assault in the third degree (Penal Law § 120.00 [3]), which requires proof of criminal negligence. As noted by the Court of Appeals, the issue to be decided is whether Conway acted with the requisite mens rea. A person acts with criminal negligence with respect to a result when he fails to perceive a substantial and unjustified risk that such a result will occur. The risk must be of such a nature and degree that failing to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation (Penal Law § 15.05 [4]).

Generally, even where a defendant fails to perceive a risk that a reasonable person would have perceived, there also must be some serious blameworthiness in the conduct, "criminally culpable risk-creating conduct" coupled with conduct that deviates substantially from society's norms (*see People v Boutin*, 75 NY2d 692, 697 [1990]; *People v Lowe*, 214 AD2d 1 [1995], *affd* 88 NY2d 1035 [1996]). The standard for criminal negligence significantly exceeds that which is sufficient in tort law (*People v McCart*, 157 AD2d 194 [1990], *lv denied* 76 NY2d 861 [1990]).

This Court previously found that even if Conway's conduct established civil negligence, the evidence did not suffice to establish the higher standard for criminal negligence (21 AD3d 309, 314 [2005]). While the Court of Appeals held that it would not be irrational to conclude otherwise viewing the evidence favorably to the People, a weight of the evidence review dependent on an assessment of the credibility of witnesses and competing inferences, which is a factual assessment, supports our conclusion that the defendant's negligence was not so culpable as to warrant a finding that any such negligence rose to the level of criminality.

Despite some current equivocation by the People, it was previously uncontradicted that the stop, itself, was proper, and it follows that Conway acted within the bounds of the law when he chased an escaping suspect. Moreover, the essential facts of that chase, as narrated by Conway, are not disputed (except by Dantae Johnson, the complainant) and are even supported by portions of the People's evidence.

Moreover, we previously rejected the testimony of Dr. Thomas Streed, who appeared as an expert for the People on police procedures, tactics and training as inconsistent and unreliable (21 AD3d at 312). In retrospect, we agree that this was a factual finding and therefore a weight of evidence finding, to which we continue to adhere.

Finally, a criminal negligence analysis, in determining reasonableness and gross deviation, ultimately turns on the particular circumstances under which the accused acts. The particular facts of this case as previously noted, and which remain unchanged, warrant the finding that, weighing all the competing inferences, Conway did not act unreasonably under the circumstances. Concur—Mazzarelli, J.P., Saxe and Catterson, JJ.

Williams, J., dissents in a memorandum as follows: I reiterate the position that I took in my prior dissent in this matter. Defendant's conduct here is, on its face and in the judgment of any rational factfinder, such as the learned judge who conducted the nonjury trial, a gross deviation from reasonable conduct. This case presents a perfect example of why police misconduct is such a persistent, endemic problem in this city and country; it is condoned in high places.

As the majority states, the requisite mens rea for criminal negligence exceeds the state of mind for mere civil negligence and requires a failure to perceive a risk so substantial and unjustified that it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation and, additionally, an element of "serious blameworthiness" or criminal culpability (*People v Boutin*, 75 NY2d 692, 695-696 [1990]). This is exactly what we have here. Every detail of this pursuit, both individually and cumulatively, e.g., defendant driving up onto the sidewalk, defendant driving in the wrong direction on the roadway, defendant simultaneously attempting to grab the fleeing victim from the moving car with his left hand while steering with his nondominant right hand whose finger was also on the trigger of his firearm, smacks of a wanton, inhumane disregard for public safety and that of the young victim, whom he severely wounded and who not only was entitled to a presumption of innocence but actually was innocent.

It also remains surprising to me that the majority deems defendant the most credible witness to this incident. Aside from his obvious motive to lie, his testimony is at odds with that of other, disinterested witnesses. One critical point was whether, when defendant grabbed the victim, the victim tried to reach into the patrol car or whether he tried to spin away from the car and defendant's grasp. Every other witness to this moment of the pursuit said that the latter was the case; only defendant stated the former, which bolstered his incredible claim that the victim tried to reach for the firearm. The trial judge, who heard and observed the witnesses, apparently did not find this claim credible, but the majority apparently does, even in the face of a

not so subtle Court of Appeals remittitur suggesting the contrary.

THE JUSTICES, RECOGNIZING THEIR INABILITY TO RECONCILE THEIR VIEWS WITH RESPECT TO THE DAVIS-BACON ACT, HEREBY RELEASE THEIR DECISIONS IN: *Araujo v Tiano's Constr. Corp. (Appeal No. 8219) Cox v NAP Constr. Co., Inc. (Appeal No. 8951)*